IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COMPLAINT OF:

BORGHESE LANE, LLC

for Exoneration or Limitation of
Liability

Civil Action No.

In Admiralty

## COMPLAINT OF BORGHESE LANE, LLC FOR

## EXONERATION OR LIMITATION OF LIABILITY

Plaintiff Borghese Lane, LLC. ("Borghese"), by its attorneys Dennis A. Watson, Esquire, Aaron M. Ponzo, Esquire and Dickie, McCamey & Chilcote, P.C., brings this Complaint for Exoneration or Limitation of Liability and avers:

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, in that this is a civil suit arising under the Court's admiralty and maritime jurisdiction, 46 U.S.C. § 30501 et seq., known as the Vessel Owners Limitation of Liability Act, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.  This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     Venue is proper in this District pursuant to Rule F(9) because Borghese, as the alleged owner/operator/charterer of vessels involved in a barge breakaway incident of January 13, 2018 ("the Breakaway"), has been sued within this District, in the United States District Court for the Western District of Pennsylvania by Ingram Barge Company, LLC ("Ingram") at Docket No. 2:18-cv-00178-JFC ("Ingram Lawsuit"), by Heartland Barge

Management, LLC ("Heartland") at Docket No. 2:18-cv-00317-JFC ("Heartland Lawsuit"), and by Crounse Corporation ("Crounse") at Docket No. 2:18-cv-00510-JFC ("Crounse Lawsuit"). The vessels have not been attached or arrested.

3.     Borghese is a Pennsylvania limited liability company with a principal place of business at 149 Nichol Avenue, Building 1A, McKees Rocks, PA 15136.

4.     Ingram has alleged in the Ingram Lawsuit that on or about January 13, 2018, it was the owner or charterer and owner *pro hac vice* of twenty-four (24) loaded barges that were moored/fleeted at the Jack's Run Fleet ("Jack's Run"), which is located on the right descending bank at or around Mile 4 on the Ohio River, and that the barges broke free from the Jack's Run Fleet, were carried downriver, and were damaged.

5.     Heartland has alleged in the Heartland Lawsuit that on or about January 13, 2018, it was the owner *pro hac vice* of one (1) loaded barge that was moored/fleeted at Jack's Run, and that its barge broke free from Jack's Run, was carried downriver, and was damaged.

6.     Crounse has alleged in the Crounse Lawsuit that it was the owner of ten (10) loaded barges that were moored/fleeted at Jack's Run and that the barges broke free from the Jack's Run Fleet, were carried downriver, and were damaged.

7.     Ingram, Heartland, and Crounse have alleged that Borghese owned, operated, or both owned and operated the M/V JACK KLEE and the M/V CHARLOTTE KLEE ("Klee Vessels") at the time of the Breakaway.

8.     Neither of the Klee Vessels was owned by Borghese, chartered by Borghese, was on fleet watch, or was operating at Jack's Run at the time of the Breakaway.

2

9.      On January 13, 2018, Borghese was the owner of the M/V CORI WIELAND. Said boat was a vessel as that term is used in 46 U.S.C. § 30501 et seq. (regarding limitation of vessel owner's and charterer's liability), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims bearing Official Number 519922.  Said boat was a motor vessel documented under the laws of the United States, which was tight, staunch, strong, fully and properly crewed, equipped and supplied, and in all respects seaworthy and fit for the service in which it was engaged.

10.      On January 13, 2018, Borghese was the bareboat charterer of the M/V JAMES GARRETT pursuant to a Bareboat Charter Party Agreement with Ohio River Salvage, Inc., which had no set or guaranteed charter period.

11.      Under the terms of the Bareboat Charter Party Agreement, Borghese manned, supplied, and navigated the M/V JAMES GARRETT at its own expense or by its own procurement.

12.      As the bareboat charterer of the M/V JAMES GARRETT, Borghese is an "owner" of the vessel as defined by the Limitation of Liability Act.  Said boat was a vessel as that term is used in 46 U.S.C. § 30501 et seq. (regarding limitation of vessel owner's and charterer's liability), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims bearing Official Number 275270.  Said boat was a motor vessel documented under the laws of the United States, which was tight, staunch, strong, fully and properly crewed, equipped and supplied, and in all respects seaworthy and fit for the service in which it was engaged.

13.    On January 13, 2018, at approximately 0630 hours, the M/V CORI WIELAND and the M/V JAMES GARRETT were on fleet watch at or about Mile 4 on the Ohio River, a navigable waterway of the United States.

14.    According to the Complaints filed in the Ingram, Heartland, and Crounse Lawsuits, on January 13, 2018, the Breakaway was allegedly caused by the negligence of Borghese, the unseaworthiness of the vessels Borghese is alleged to have operated, and/or Borghese's breaches of an oral maritime service contract or warranty of workmanlike performance.

15.    Ingram, Heartland, and Crounse claim to have suffered various losses and damages as a result of the Breakaway.

16.    Borghese avers that any alleged losses and damages claimed or which may be claimed by Ingram, Heartland, Crounse, or other individuals, or by their agents, representatives or insurance carriers, or by any others, as a result of the Breakaway of January 13, 2018, were not caused or contributed to by any fault, neglect or want of care by Borghese.

17.    The approximate value of Plaintiff's interest in the M/V CORI WIELAND immediately after the Breakaway of January 13, 2018, was $200,000.00 (Two Hundred Thousand and No Cents Dollars), as set forth in the Verification of Value of Brian Mosesso attached hereto and incorporated herein as Exhibit A.

18.    The approximate value of Borghese's interest as bareboat charterer of the M/V JAMES GARRETT immediately after the Breakaway of January 13, 2018, was not in excess of $8,709.00 (Eight Thousand Seven Hundred Nine and No Cents Dollars), as set

forth in the Verification of Value of Brian Mosesso, which is attached hereto and incorporated herein as Exhibit A.

19.     The M/V CORI WIELAND had no pending freight at the time of the Breakaway of January 13, 2018, as set forth in Brian Mosesso's Affidavit of Freight Pending, which is attached hereto and incorporated herein as Exhibit B.

20.     The M/V James Garret had pending freight of $7,110.00 (Seven Thousand One Hundred Ten and No Cents Dollars) at the time of the Breakaway of January 13, 2018, as set forth in Brian Mosesso's Affidavit of Freight Pending, which is attached hereto and incorporated herein as Exhibit B.

21.     Borghese first received a claim by a letter of January 16, 2018 sent on behalf on Ingram.

22.     Pursuant to Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, this action has been timely filed within six (6) months of receipt of a claim in writing.

23.     There are no existing demands, unsatisfied liens or claims of liens against the M/V CORI WIELAND or the M/V JAMES GARRETT in contract or in tort or otherwise, arising from the voyage described above on January 13, 2018.

24.     Neither the M/V CORI WIELAND nor the M/V JAMES GARRETT has been attached or arrested to answer in regard to said alleged incident.

25.     Upon information and belief, Borghese avers that any claims that may be asserted against it, even though not meritorious, may exceed the combined value of the M/V CORI WIELAND and Borghese's proportionate ownership interest as Charterer of the M/V JAMES GARRETT and its freight then pending.

26.    Borghese claims exoneration from any and all losses, damages and injuries to any person or entity occasioned or incurred by or arising out of the aforesaid Breakaway of January 13, 2018, and Borghese avers that it has valid defenses thereto on the facts and on the law.

27.    Alternatively, to the extent Borghese is liable, which is denied, Borghese claims the benefit of the limitation of liability provisions contained at 46 U.S.C. § 30501 et seq., and in particular, § 30505, and also claims that its liability, if any, be limited to the value of the M/V CORI WIELAND and Borghese's interest as Charterer of the M/V JAMES GARRETT and its freight pending immediately after the Breakaway.

28.    Borghese hereby offers and files an Ad Interim Stipulation for Value in the sum of $215,819.00 (Two Hundred Fifteen Thousand Eight Hundred Nineteen and No Cents Dollars), which is attached hereto and incorporated herein as Exhibit C plus interest at the rate of 6% per annum, said sum being equal to the value of the M/V CORI WEILAND, Borghese's aggregate interest in the M/V JAMES GARRETT and its freight then pending immediately after the accident and a Letter of Undertaking, which is attached hereto and incorporated herein as Exhibit D.   In addition, Borghese is prepared to increase the amount of said undertaking if this Court orders that a higher Ad Interim Stipulation for Value be filed.

29.    All and singular, the foregoing premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Borghese Lane, LLC. hereby requests the following relief:

a.    That this Court find that Borghese Lane, LLC. is not liable for any damages, demands, or claims whatsoever arising out of or connected with the Breakaway of January 13, 2018, and is therefore exonerated from liability;

b.    That if any liability exists, which is denied, that such liability be limited to the value of the M/V CORI WIELAND and Borghese's interest as Charterer of the M/V JAMES GARRETT and its freight then pending immediately after the Breakaway of January 13, 2018, individually or collectively, as the case may be, and that the amount of value secured as aforesaid be divided pro rata among all claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree be entered discharging Borghese Lane, LLC from all other or further liability arising out of the Breakaway;

c.    That an injunction be issued enjoining the commencement or further prosecution of any action against Borghese Lane, LLC with respect to or arising out of the Breakaway;

d.    That this Court cause a notice to be issued to all persons, firms and corporations having or alleging to have claims against Borghese Lane, LLC for any and all losses, damages, or injuries occasioned or arising out of the aforementioned Breakaway occurring on or about January 13, 2018, citing them to file their respective claims with the Clerk of this Court or be forever barred, and to serve copies thereof on the undersigned attorneys for Borghese Lane, LLC, and also to appear and answer the allegations of this Complaint on or before a date to be named in the notice; and

e.      That Borghese Lane, LLC be awarded such other and further relief as may be just and proper and as this Court may deem appropriate.

Respectfully submitted,

DICKIE MCCAMEY & CHILCOTE

By:     /s/ Dennis A. Watson
        Dennis A. Watson
        Aaron M. Ponzo
        Two PPG Place, Suite 400
        Pittsburgh, PA  15222
        dwatson@dmclaw.com
        aponzo@dmclaw.com
        *Attorneys for Borghese Lane, LLC*

## CORPORATE VERIFICATION

I, Brian Mosesso, hereby certify that I am authorized to make this verification on behalf of Borghese Lane, LLC, named in the foregoing lawsuit; that the said Complaint for Exoneration or Limitation of Liability was prepared with assistance and advice of counsel and in specific reliance upon representations and documentation provided to me and other documents and information made available to me and subject to inadvertent or undiscovered errors, limited by the records and information provided to me, presently in existence, recollected and thus far discovered; and that subject to the limitations set forth herein, the said Complaint for Exoneration or Limitation of Liability, is true and correct to the best of my knowledge, information and belief.

DATED: 4-25-18

BORGHESE LANE, LLC

By: _____
Brian Mosesso