IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLAINT OF: | Civil Action No. 2:18-cv-00533-JFC |
| BORGHESE LANE, LLC | In Admiralty |
| For Exoneration or Limitation of Liability | |

## MEMORANDUM OPINION

This admiralty case arose out of a barge breakaway on January 13, 2018. Now pending is a motion by a barge owner, American River Transport Co., LLC ("ARTCO"), to allow it to file an *in rem* claim against the M/V JAMES GARRETT (the "Vessel"), a tug boat involved in the incident. (ECF No. 57). Borghese Lane, LLC ("Borghese") filed a response in opposition to the motion.

I.        Factual and Procedural Background

Borghese initiated this case by filing a complaint (ECF No. 1) and motion for preliminary injunction (ECF No. 4) pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, et. seq. and Federal Rule of Civil Procedure Supplemental Admiralty and Maritime Claims Rule F ("Rule F"). Borghese did not post security for the full value of the Vessel. Instead, because Borghese was a bareboat charterer pursuant to a contract with Ohio River Salvage, Inc., it posted security only for its interest in the bareboat charter of the Vessel from the date of the accident to the end of the month, in the amount of $8,709.00.

The court entered an order permitting any party in three related actions to respond to Borghese's motion. (Civil No. 18-178, ECF No. 31). All parties filed a joint response, with a stipulated proposed order. (ECF No. 11). On May 30, 2018, the court entered the proposed order granting the ad interim stipulation for value and letter of undertaking filed by Borghese. (ECF No. 14). The court's order recognized that Borghese filed a verification "attesting to the value of **its** interest" in the Vessel. (Emphasis added).

The portion of the order challenged by ARTCO provides:

> It is further ORDERED that the commencement or prosecution of any and all suits **against Borghese Lane**, LLC and its affiliates, owners, shareholders, officers, employees, and **property**, <u>**including its vessels**</u> (including, but not limited to the M/V Cori Weiland[1] and the M/V JAMES GARRETT), and against its insurers and underwriters, with regard to any and all claims and causes of action which arise from or relate to, directly or indirectly, the matters addressed in Borghese Lane, LLC's Complaint, are hereby ENJOINED AND RESTRAINED, pending the hearing and determination of this proceeding.

(ECF No. 14) (Emphasis added). The order was without prejudice to the rights of parties to contest the sufficiency of the security given by Borghese or the scope of the requested injunctive relief. *Id*.

II.     Legal Analysis

ARTCO asks the court to modify its injunction to allow it to file an *in rem* claim against the Vessel. ARTCO contends that pursuant to Federal Rule of Civil Procedure Supplemental Admiralty and Maritime Claims Rule C ("Rule C"), it is entitled to pursue an *in rem* claim against the Vessel and its equipment, tackle and apparel. ARTCO asserts that the form of the injunction entered by the court does not match the security given. ARTCO asks that the court's order be amended to allow it to assert a maritime tort lien against the Vessel.

Borghese opposes the motion. It contends that pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, a bareboat charterer is defined as an "owner" of a vessel. Borghese reasons that its liability must be limited to the extent of its ownership of the Vessel (i.e, its charter) and that ARTCO is trying to assert a claim against a third party not before the court. Borghese contends that its stipulation for value, which was approved by all parties, properly included its full bareboat charter interest in the Vessel and complied with Rule F. Borghese asserts that ARTCO's motion should be denied.

---

[1] Borghese did report the full value of the M/V Cori Weiland, as its owner.

The court must determine the proper scope of the injunction it imposed, i.e., whether <u>all</u> claims against the Vessel are enjoined, or only those claims which target Borghese's interest in the Vessel. ARTCO, unless otherwise prohibited, is entitled to assert an *in rem* claim for the value of the Vessel. Rule C provides that an *in rem* action may be brought to enforce a maritime lien and that parties may pursue *in rem* and *in personam* claims in the alternative. *See Superior Const. Co. v. Brock*, 445 F.3d 1334, 1338 (11th Cir. 2006) (claimants pursued *in personam* claims against bareboat charterer and *in rem* claims against vessels). The security posted by Borghese does not include the underlying value of the Vessel. ARTCO is entitled, therefore, to pursue an in rem claim against the Vessel.

Borghese, on the other hand, is entitled to limit its liability. The term "owner" is defined in the Limitation of Liability Act to include "a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C. § 30501. Borghese, therefore is an "owner" of the Vessel. Borghese's ownership interest, however, is limited to the partial month remaining on its bareboat charter.[2] Borghese is entitled to limit its liability to the extent of its ownership in the Vessel. *See* 46 U.S.C. § 30505 ("If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight").

ARTCO and Borghese are both substantially correct -- ARTCO can pursue an *in rem* claim against remaining value of the Vessel and Borghese can limit its liability to its charter interest. The confusion in this case stems from the fact that the proposed order was based on Rule F, which does not recognize that there can be multiple "owners" of a vessel. Rule F(3), which is substantively unchanged since 1966, provides:

---

[2] It appears undisputed that the remaining ownership interest in the Vessel belongs to Ohio River Salvage, Inc.

> (3) Claims Against Owner; Injunction. Upon compliance by the owner with the requirements of subdivision (1) of this rule **all claims** and proceedings against the owner **or the owner's property** with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of **any action** or proceeding against the plaintiff or **the plaintiff's property** with respect to any claim subject to limitation in the action.

(Emphasis added). Rule F does not contemplate a partial bareboat charter ownership interest. The court's order, therefore, did not clearly define which claims against the M/V JAMES GARRETT were being enjoined.

The court's order should be construed consistent with the Limitation of Liability Act, to enjoin only actions against Borghese's partial interest as the bareboat charterer of the Vessel. The scope of the injunction should be understood to parallel the scope of the fund created – in each instance, the value of "the owner's proportionate interest in the vessel." As set forth in 46 U.S.C. § 30511(b), the owner deposits "an amount equal to the value of the owner's interest in the vessel and pending freight." When the owner does so, "all claims and proceedings **against the owner** related to the matter in question shall cease." § 30511(c). (Emphasis added). It seems clear that under the statute, the scope of the injunction extends only to the extent of the owner's interest. Rule F(3) is not to the contrary – claims against "the owner's property" interest can be enjoined without affecting a claimant's ability to pursue an *in rem* action against the remaining ownership interest in the vessel.

To clarify, the operative portion of the court's order (ECF No. 14) is modified to provide:

> "the commencement or prosecution of any and all suits against [Borghese], including its **interest in the** vessels (including, but not limited to **its interest in** the M/V Cori Weiland and the M/V JAMES GARRETT)" with regard to any and all claims and causes of action which arise from or relate to, directly or indirectly, the matters addressed in [Borghese's] complaint, are hereby ENJOINED AND RESTRAINED."

The injunction does not prevent ARTCO from asserting an *in rem* claim based on the remaining ownership interest of Ohio River Salvage in the Vessel. The court expresses no opinion with respect to the substantive or procedural merits of any such claim.

III.     Conclusion

Borghese's effort to limit its liability to the extent of its ownership interest (i.e., its bareboat charter) of the M/V JAMES GARRETT is proper. To the extent that ARTCO asks the court to expand Borghese's liability, its motion will be DENIED. To the extent the court's order is ambiguous, it is clarified that ARTCO can pursue an *in rem* claim against the Vessel, except as to value of Borghese's charter interest.

An appropriate order will be entered.

October 3, 2018

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge