# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLAINT OF:<br>BORGHESE LANE, LLC<br><br>For Exoneration or Limitation of<br>Liability | )<br>)<br>)<br>)    Civil No. 2:18-cv-00533-MJH (Lead Case)<br>)<br>)    Member and Related Cases: Civil Action Nos.<br>)    18-510; 18-178; 18-913; 18-902; 18-1647; and<br>)    18-317 |

## OPINION and ORDER

This action arises out of a January 13, 2018 multiple-barge breakaway originating at Jack's Run Fleet, at approximately Mile 4 on the Ohio River, that continued downriver to the Emsworth Lock and Dam. Presently before the Court is Borghese Lane, LLC's ("Borghese") and McKees Rocks Harbor Services, LLC's ("McKees Rocks") Joint Motion to Dismiss American River Transportation Co., LLC's ("ARTCO") Rule 14(c) Third-Party Complaint. ECF No. 153.

### I.   Background

In the aftermath of the barge breakaway, several barge owners filed lawsuits against Borghese, McKees Rocks, and Industry Terminal & Salvage Company ("ITS"), seeking recovery for damages to barges that were moored at Jacks Run Fleet, and subsequently broke free. On February 8, 2018, Ingram Barge Company ("Ingram") filed suit, seeking recovery for damage to twenty-four barges. Civ. No. 18-178. On March 9, 2018, Heartland Barge Management, LLC ("Heartland") filed suit seeking recovery for damage to one barge. Civ. No. 18-317. On April 19, 2018, Crounse Corporation ("Crounse") filed suit, seeking recovery for damage to ten barges. Civ. No. 18-510.

The complaints alleged that Borghese, McKees Rocks, or ITS, owned or operated Jacks Run Fleet, and were also the owners or operators of certain boats located at Jacks Run Fleet, alleged to be at issue in the barge breakaway. On April 26, 2018, in accord with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Borghese timely filed a Complaint for Exoneration or Limitation of Liability under the Vessel Owners Limitation of Liability Act, 46 U.S.C. §30501 et seq. ECF No. 1. On July 11, 2018, McKees Rocks filed a timely Complaint for Exoneration or Limitation of Liability. Civ. No. 18-902.

In both the Borghese and McKees Rocks actions, in accordance with Rule F(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court issued an Order enjoining the commencement or prosecution of any suits, actions, or proceedings of any nature against Borghese and McKees Rocks with regard to any claim arising out of or related to the incident described in the Complaint. ECF No. 14 in Civ. No. 18-533; ECF No. 5 in Civ. No. 18-902. The Court's Orders also set deadlines for claimants to file claims and answers or to contest either the right to exoneration from liability or the right to limitation of liability. Id. The deadline in the Borghese action was July 16, 2018, and the deadline in the McKees Rocks action was September 7, 2018. Id.

The United States filed answers and claims against Borghese and McKees Rocks, seeking recovery for damages to the Emsworth Lock and Dam and to two workboats owned and operated by the United States Army Corps of Engineers. ECF No. 36 at Civ. No. 18-533 and ECF No. 73 at Civ. No. 18-533. The United States also asserted a crossclaim against ARTCO, seeking recovery for damages occurring as a result of ARTCO's barge. ECF No. 74, at ¶¶ 62, 65, 67-80.

On July 13, 2018, Charles J Miller, doing business as Montour Marina, filed a complaint seeking recovery for damages that occurred as a result of the barge breakaway's collision with the Emsworth Lock and Dam, which caused an unnatural diversion of ice flow damaging the Montour Marina. Civ. No. 18-913. On December 13, 2018, Ohio River Salvage, Inc., filed a timely Complaint for Exoneration or Limitation of Liability. Civ. No. 18-1647. Although the timing of filing of pleadings in each action has varied, at this point all of the above actions have been consolidated at the Borghese Complaint at Civil Action No. 18-533.

Specific to the instant motion, ARTCO filed an Answer (ECF No. 26), Claim (ECF No. 27), and Amended Answer (ECF No. 54), to Borghese's Complaint; and an Answer (ECF No. 83) and Claim (ECF No. 84) to McKees Rocks' Complaint. ARTCO alleges that one of its unmanned barges (known as a "dumb barge") sustained damages in the breakaway. ARTCO alleges that it is entitled to indemnification from Borghese and McKees Rocks for any claims asserted against ARTCO by the United States or the United States Army Corps of Engineers. On September 7, 2018, ARTCO filed its' Rule 14(C) Third-Party Complaint. ECF No. 113.

**II.   Discussion**

Borghese and McKees Rocks argue that ARTCO's Third-Party Complaint should be dismissed for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Borghese and McKees Rocks argue that dismissal is warranted for three reasons: (1) because the requested relief is improper under Rule F(5) and this Court's prior Orders, as the Third-Party Complaint is neither a claim nor an answer; (2) this Court cannot grant ARTCO's request to require the United States to assert its ARTCO crossclaim directly against Borghese and McKees

3

Rocks; and (3) ARTCO's request for judgment against Borghese and McKees Rocks for the full amount of any judgment against ARTCO can only be litigated in the limitation actions that are already filed and pending.

In the alternative, Borghese and McKees Rocks argue that the Third-Party Complaint should be stricken, pursuant to Rule 12(f), as it is redundant, duplicative, improper, and in violation of the Court's Orders. Specifically, Borghese and McKees Rocks assert that the United States has already asserted claims and crossclaims against both Borghese and McKees Rocks, and that ARTCO has already asserted claims for indemnification against both Borghese and McKees Rocks for any damages the United States may recover against ARTCO. Therefore, striking the Third-Party Complaint will not prejudice ARTCO.

Borghese and McKees Rocks arguments are not directed against the claims asserted in the Third-Party Complaint as a matter of law; rather, their arguments concern assertions of improper procedure in the instant consolidated action. Therefore, there is no basis for dismissal of ARTCO's Third-Party Complaint for failure to state a claim upon which relief can be granted. Accordingly, the Joint Motion to Dismiss for failure to state a claim pursuant to Rule 12(b) (6) is denied.

Borghese and McKees Rocks correctly argue that the claims in ARTCO's Third-Party Complaint are essentially the same as filed by ARTCO and the United States in the underlying consolidated actions. ARTCO argues in its Response to the Joint Motion to Dismiss, that its Third Party Complaint asserts a permissible Rule 14(c) tender of Borghese, McKees Rocks, and ITS to the United States. ARTCO argues that such a tender is not otherwise asserted in the

pleadings.[1] ARTCO asserts, on the first page of its Response, that the Third-Party Complaint "is an amendment to a timely filed Answer and Claim in the limitation action." ARTCO Resp. 1 (ECF No. 195). ARTCO further explains that it "filed the Third-Party Complaint pursuant to Rule 14(c) of the Federal Rules of Civil Procedure tendering the USA's claim directly to Borghese and McKee's Rocks to fully protect ARTCO's interests," just as other similarly situated parties, such as Crounse, Ingram, and Heartland Barge, had done. Id. 4; ECF No. 196 (citing ECF No. 64). According to ARTCO, the Third-Party Complaint is no different "from the Rule 14(c) tenders of the other dumb barge owners." ARTCO Resp. 5. As such, ARTCO states that the Third-Party Complaint "is or should be treated by the Court as an amendment to ARTCO's timely filed Claim." Id. 4.

ARTCO also argues that its Rule 14(c) tender is timely as to both the Borghese and McKees Rocks actions. ARTCO's Rule 14(c) Third-Party Complaint was filed on September 7, 2018, which was within the September 7, 2018 deadline for filing claims and answers in the McKees Rocks action. Id. at 6. The Third-Party Complaint was filed after the July 16, 2018 deadline for the filing of claims and answers in the Borghese action, because it was not until August 17, 2018, that the United States first asserted its crossclaim in writing against ARTCO.

---

[1] Rule 14(c) of the Federal Rules of Civil Procedure provides as follows:

> (c) Admiralty or Maritime Claim.
> (1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
> (2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c).

Id. 4-5. According to ARTCO, "[u]ntil the USA filed its Cross-Claim against ARTCO, ARTCO could not be sure of the specific claims and damages the USA would assert before the USA asserted the Claim." Id. 5. ARTCO argues that, because it "was not sued by anyone until August 17, 2018," it could not have made a Rule 14(c) tender before the Borghese deadline. Id. 6. Therefore, ARTCO argues that it has timely asserted its Rule 14(c) tender.

ARTCO presents a persuasive argument, based on the the deadlines and timing of the various filings. However, ARTCO does not explain why it did not, like the other dumb barge owners, simply include a Rule 14(c) tender in its Answer to the United States Crossclaim, which ARTCO filed on the same date as ARTCO filed its Third-Party Complaint. See ECF No. 112. Nor does ARTCO explain why it did not seek leave to amend its claim or answer. It is clear that ARTCO is attempting to assert a straightforward Rule 14(C) tender, just as Crounse, Ingram, and Heartland Barge has done. It is also clear that Borghese and McKees Rocks understand ARTCO's intent, and neither Borghese or McKees Rocks, by seeking dismissal of the Rule 14(c) Third-Party Complaint, is attempting to avoid obligations that would arise from a Rule 14(c) tender. Therefore, the Court concludes that the practical solution to the instant dispute is to permit ARTCO to amend its Answer to the United States Crossclaim in order to include a Rule 14(c) tender.

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, no party will be prejudiced by permitting ARTCO to so amend its Answer. Moreover, "it is within a court's discretion to grant the filing of a claim after the deadline 'so long as (1) the limitation proceeding is pending and undetermined and (2) the rights of the parties will not be adversely affected.'" White v. Sabatino, 415 F. Supp. 2d 1163, 1180–81 (D. Haw. 2006) (quoting American

Commercial Lines, Inc. v. United States, 746 F.2d 1351, 1353 (8th Cir.1984)); see also Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims ("For cause shown, the court may enlarge the time within which claims may be filed").

Accordingly, the following Order is hereby entered.

AND NOW, this 20th day of February, 2019, having reviewed the relevant pleadings, including the pleadings of other parties, it is hereby ORDERED that the Joint Motion to Dismiss, or in the Alternative, Motion to Strike, ARTCO's Third-Party Complaint (ECF No. 153) DENIED in part, and GRANTED in part.

The Joint Motion is GRANTED to the extent that ARTCO is not permitted to proceed with its Rule 14(c) tender of Borghese, McKees Rocks, and ITS to the United States by way of a Third-Party Complaint. Accordingly, the Rule 14(c) Third-Party Complaint, filed at ECF No. 113, is hereby stricken. ARTCO is permitted to assert a Rule 14(c) tender of Borghese, McKees Rocks, and ITS to the United States by way of an amendment to its Answer to the United States Crossclaim (ECF No. 73).

The Joint Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that ARTCO shall file an Amended Answer to the United States' Crossclaim (ECF No. 73) by February 28, 2019, limited to ARTCO's assertion of a Rule 14(c) tender of the United States' Crossclaim to Borghese, McKees Rocks, and ITS.

*[signature]*
Marilyn J. Horan
United States District Judge