IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLAINT OF:<br>BORGHESE LANE, LLC<br><br>For Exoneration or Limitation of<br>Liability | )<br>)<br>)<br>) Civil No. 2:18-cv-00533-MJH (Lead Case)<br>)<br>) Member and Related Cases: Civil Action Nos.<br>) 18-510; 18-178; 18-913; 18-902; 18-1647; and<br>) 18-317 |

## MEMORANDUM ORDER

This action arises out of a January 13, 2018 multiple-barge breakaway originating at Jack's Run Fleet, at approximately Mile 4 on the Ohio River, that continued downriver to the Emsworth Lock and Dam. In the aftermath of the barge breakaway, several barge owners filed lawsuits against Borghese, McKees Rocks, and Industry Terminal & Salvage Company ("ITS"), seeking recovery for damages to barges that were moored at Jacks Run Fleet, and subsequently broke free. Discovery is currently set to end on August 15, 2019, and the parties have set mediation dates for August 5 and 6, 2019.

The parties were in the midst of scheduling multiple depositions in preparation for the mediation when the National Transportation Safety Board ("NTSB") issued its Investigation Report on the January 13, 2018 barge breakaway. Immediately relevant to this action was the NTSB Report's factual finding that Jack's Run Fleet is owned by a non-party, Allegheny County Sanitary Authority ("ALCOSAN"), and that ALCOSAN leases the premises to ITS. As a result, all parties agree that ALCOSAN will be added as a party[1], discovery deadlines must be adjusted, and mediation rescheduled. Presently before the Court is the parties' Consent Motion to Modify

---

[1] ITS does not consent to the joinder of ALCOSAN, but also does not oppose the joinder. Consent Motion to Modify, at 2, ECF No. 335.

the Case Management Order of October 30, 2018 (ECF No. 205) and the Court's Mediation Order of May 6, 2019 (ECF No. 328). ECF No. 335.

As for joinder of ALCOSAN, the parties propose that the appropriate joinder pleadings be filed within fourteen days of the Court's Order; that ALCOSAN be ordered to file its answer to claims in an expedited, thirty-day deadline from service; that within 14 days of ALCOSAN's appearance, all parties will provide ALCOSAN with their respective discovery responses and Rule 26 disclosures; and that ALCOSAN provide its Rule 26(a) disclosures within sixty days from service. The parties propose to extend the discovery deadline eight months, from August 15, 2019, to April 30, 2020, and that mediation be rescheduled for January, 2020.[2]

Given the proposed timeline related to joinder of ALCOSAN, the initial pleadings and exchange of discovery should be completed by approximately mid-September, 2019. The parties have already begun discussions to schedule fact depositions related to liability in preparation for the mediation. Such discussions should be ongoing, and include ALCOSAN. The Court concludes that, at this time, an extension of fact discovery to January 31, 2020, is sufficient, with mediation to be rescheduled to occur by December 31, 2019.

Accordingly, the following Order is hereby entered.

AND NOW, this 27th day of June, 2019, it is hereby ORDERED that the Consent Motion to Modify the Case Management Order and Mediation Order (ECF No. 335), is DENIED in part, and GRANTED in part, as follows:

The Consent Motion is DENIED to the extent that the Court does not accept the parties' proposed dates for close of discovery and the rescheduled mediation.

---

[2] Charles J Miller, doing business as Montour Marina, and proceeding pro se, proposes that mediation be rescheduled for October, 2019. Consent Motion to Modify, at 2, ECF No. 335.

The Consent Motion is GRANTED as follows:

**1.** The parties are permitted to join ALCOSAN as a party to this matter. Appropriate joinder pleadings shall be filed by <u>July 11, 2019</u>.

**2.** After service of process upon ALCOSAN, ALCOSAN shall file its answer to the various claims against it within thirty days of service of process, absent a reasonable need for an extension.

**3.** Within fourteen days of counsel for ALCOSAN entering an appearance on the docket, all parties shall serve upon ALCOSAN all discovery responses and Rule 26 disclosures made by that party to ALCOSAN.

**4.** Within sixty days of service of process on ALCOSAN, ALCOSAN shall serve its Rule 26(a) disclosures to all parties.

**6.** Fact Discovery is hereby extended to be completed or before <u>January 31, 2020</u>.

**7.** The mediation set for August 5 and 6, 2019, shall be rescheduled to be held on or before <u>December 31, 2019</u>. It is the responsibility of lead counsel to ensure that **notice** of the date, time, and location of the Mediation has been **electronically filed with the Court**.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge