IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

**COMPLAINT OF BORGHESE LANE, LLC**           Civil No. 2:18-CV-00533-MJH
**FOR EXONERATION OR**
**LIMITATION OF LIABILITY**

### MEMORANDUM ORDER AS TO INGRAM BARGE COMPANY LLC's MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDUSTRY TERMINAL & SALVAGE COMPANY

This matter came before the Court on Ingram Barge Company LLC's ("Ingram") Motion for Partial Summary Judgment (ECF No. 430) as to its breach of oral maritime service contract against Industry Terminal & Salvage Company ("ITS"). Having considered the Motion, all memoranda in support of or in response to said Motion, all evidence properly before the Court, the arguments of counsel, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED that, for the reasons outlined below, Ingram's Motion for Partial Summary Judgment against ITS is hereby GRANTED in part.

This consolidated action arises from a January 13, 2018 breakaway of multiple barges from the Jacks Run fleet, located on the right descending bank at approximately Mile 4 on the Ohio River ("the Breakaway"). Among several lawsuits stemming from the Breakaway, Ingram filed a Complaint on February 8, 2018, Civil No. 2:18-cv-00178, against Borghese Lane, LLC, McKees Rocks Harbor Services, LLC, and ITS. In its Complaint, Ingram seeks to recover for the damage or loss of its barges, as well as expenses incurred for emergency response and recovery efforts, salvage and removal, damage surveys, drydocking, temporary and permanent repairs, liability to third-parties, attorney fees and expenses, and pre-judgment interest. (2:18-cv-00178, ECF No. 1, Complaint, ¶ 21). At this time, Ingram is seeking summary judgment as to its claim for breach of oral maritime service contract against ITS. (Id. at ¶¶ 36-43).

Prior to the Breakaway, ITS and Ingram orally contracted for ITS to provide fleeting services to Ingram at the Jacks Run fleet on the same terms and conditions set forth in the parties' written Harbor Service Agreement ("Jacks Run HSA"). Paragraph 7.A. of the Jacks Run HSA includes the following provision:

> 7.A. INDUSTRY'S Indemnification: INDUSTRY shall protect, defend, indemnify and hold harmless INGRAM and its affiliates and/or its and their contractors, subcontractors and employees from and against **any and all losses**, **damages**, **injuries**, liabilities, judgments, claims and **expenses**, including without limitation penalties for violation of laws, regulations and pollution clean costs, based upon, arising from or related to any injury, illness and/or death of INDUSTRY employees, vendors, subcontractors or agents, for **any and all property damage**, personal injury or other liability **incurred by** or asserted against INGRAM and/or its affiliates and/or its or their contractors, subcontractors and employees, based upon, arising from or related to the Marine Services, excluding only those attributable to or arising solely out of the gross negligence or intentional acts of INGRAM.

Jacks Run HAS, ¶ 7.A. (emphasis added).

The Jacks Run HSA between Ingram and ITS providing for the fleeting of Ingram barges at the Jacks Run fleet is an enforceable oral maritime service contract. The above cited Paragraph 7.A. is susceptible to a single interpretation and is, therefore, unambiguous and enforceable. Specifically, Paragraph 7.A. unambiguously requires ITS to provide first and third-party liability to Ingram. The Court finds the fleeting of Ingram's barges in the Jacks Run fleet, for which ITS billed Ingram, constitutes the provision of "Marine Services" under the Jacks Run HSA. The Court further finds that the Breakaway arose from and relates to ITS's provision of Marine Services to Ingram at the Jacks Run fleet and that Ingram alleges it incurred losses, damages, liabilities, and expenses as a result of the Breakaway, requiring application of the Paragraph 7.A's provisions. A reading of the plain language of the Paragraph 7.A confirms that same applies regardless of fault or a determination of what or who caused the Breakaway, except for exclusion for damage attributed to or arising solely out of the gross negligence or intentional acts of Ingram. As such, the Court finds ITS must indemnify Ingram for Ingram's first-party and

third-party losses, damages, liabilities, and expenses resulting from the Breakaway. ITS's failure to satisfy its contractual obligation to Ingram, constitutes a breach of the Jacks Run HSA, entitling Ingram to judgment on liability in its favor. The Motion for Partial Summary Judgment is GRANTED as to first and third-party liability under Paragraph 7.A.

The determination of resulting damages and expenses involves questions of fact for which further discovery is ongoing. As such, the Motion for Partial Summary Judgment for damages is DENIED, without prejudice, as premature.

SO ORDERED, this 20th day of July 2021

                                            s/*Marilyn J. Horan*
                                            Marilyn J. Horan
                                            United States District Judge