IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLAINT OF:<br>BORGHESE LANE, LLC<br><br>For Exoneration or Limitation of<br>Liability | )<br>)<br>)<br>)   Civil No. 2:18-cv-00533-MJH (Lead Case)<br>)<br>)   Member and Related Cases: Civil Action Nos.<br>)   18-510; 18-178; 18-913; 18-902; 18-1647; and<br>)   18-317 |

**OPINION and ORDER**

This action arises out of a January 13, 2018 multiple-barge breakaway, that originated at Jack's Run Fleet at approximately Mile 4 on the Ohio River and continued downriver to the Emsworth Lock and Dam. Presently before the Court is Ingram Barge Company LLC ("Ingram"), Crounse Corporation ("Crounse"), the United States of America ("United States" or "U.S."), Heartland Barge Management, LLC ("Heartland"), American River Transportation Co., LLC ("ARTCO"), and Industrial Terminal & Salvage Company's ("ITS") (collectively Movants) Motion to exclude opinions of Claudio N. Crivici, citing to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals*. (ECF No. 566).   The matter is now ripe for decision.

Upon consideration of Ingram, Crounse, United States, Heartland, ARTCO, and ITS's Motion (ECF No. 566), Heartland's Joinder (ECF No. 567), the respective briefs (ECF Nos. 580, 607, and 623), the arguments of counsel, and for the following reasons, the within Motion will be denied.

I.      Background

In the aftermath of the barge breakaway, several barge owners filed lawsuits against Borghese, McKees Rocks Harbor Services, LLC (MRHS), Ohio River Salvage, Inc. ("ORS"),

and Industry Terminal & Salvage Company (ITS), seeking recovery for damages resulting from breakaway barges that had been moored at Jack's Run Fleet.

Borghese, ORS, and MRHS (collectively, Respondents) have proffered Claudio N. Crivici on the issue of Movants' damages.  In his report, Mr. Crivici concludes as follows:

> With a reasonable degree of technical and professional confidence as a certified marine surveyor and casualty investigator, I can state that I have requested to review the claims as submitted. My comments and objections should not be viewed as an attempt to second guess the decisions made by others to manage the casualty. I have managed many complex salvage operations around the world that are often combined with significant vessel damages and liability claims and litigation. I understand the urgency of those decisions, and at the same time understand the necessity to document and support those decisions for later review by others. Some of the documents that I reviewed lack detail that is necessary for a third party to analyze and approve for their fair and reasonable costs.

(ECF No. 566-2 at p. 13).

In their *Daubert* motion, Movants argue that Crivici does not render an opinion regarding the reasonableness of the salvage expenses.  Instead, they argue his musings and other commentary surrounding the same are irrelevant and incapable of aiding the Court as the trier of fact in resolving a factual dispute.

II.     Relevant Standard

Under Federal Rule of Evidence 702, the District Court is to act as a gatekeeper to, "ensure that any and all expert testimony or evidence is not only relevant, but also reliable." *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010).  Federal Rule of Evidence 702 provides in part that: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if,

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data; research;

>    (c) the testimony is the product of reliable principles and methods; and

>    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable. *Id*. at 592-93. In *Daubert*, the Supreme Court articulated the following two-prong test for determining the admissibility of expert testimony:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Id*. at 593-94. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id*. at 595. The Third Circuit has explained that Rule 702 "embodies a trilogy of restrictions" that expert testimony must meet for admissibility: qualification, reliability and fit. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The Third Circuit has explained:

> Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.

*Id*. at 404. When expert testimony is challenged under *Daubert*, "the proponents of the expert must establish admissibility by a preponderance of the evidence." *Bruno v. Bozzuto's*, Inc., 311 F.R.D. 124, 135 (M.D. Pa. 2015).

III.     Discussion

Movants contend that Mr. Crivici does not offer an opinion as to the actual issue before the Court, which is the propriety and reasonableness Movants' expert's damages calculations. They further maintain that Crivici's "academic discussion of different valuation methodologies" is not relevant, because he does not apply these methodologies to the evidence in order to reach a conclusion.  In addition, Movants contend, that in sections where Mr. Crivici concurs with the reasonableness of Movants' repair costs and survey fees, Mr. Crivici's testimony is unnecessary.

Respondents argue that the purpose of Mr. Crivici's report was to utilize his expertise and the methodology used in the industry with respect to reviewing and evaluating various maritime claims and to opine with respect to the substance and any deficiencies in Movants' claim documentation/proofs.  Respondents thus maintain that, without the Movants offering a more sufficient understanding of the pre-loss value of their vessels, neither Mr. Crivici nor this Court can have an accurate picture of the actual value of the losses sustained.

Fed. R. Civ. P. 26(a)(2)(D)(ii) permits expert testimony "solely to contradict or rebut evidence on the same subject matter identified by another party[.]" Courts have held that, "[i]t is the proper role of rebuttal experts to critique […] expert's methodologies and point out potential flaws in the […] experts' reports." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 835 (D. Minn. 2011).  Further, other courts have held that rebuttal expert witnesses may criticize other experts' theories and calculations without offering alternatives. *See, e.g., Coquina Invs. v. Rothstein*, No. 10–60786–Civ., 2011 WL 4949191, at *5 (S.D.Fla. Oct. 18, 2011) ("A rebuttal expert can testify as to the flaws that she believe[s] are inherent in another expert's report that implicitly assumes or ignores certain facts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 09-61490-CIV, 2011 WL 2295269, at *6 (S.D. Fla. June 8, 2011)

(admitting a rebuttal expert who "merely provides other factors that [the plaintiff's expert] should have considered in his report, based on her economics expertise," explaining that "[h]ighlighting such factors will be helpful for the jury to weigh the evidence presented at trial."); *1st Source Bank v. First Res. Fed. Credit Union*, 167 F.R.D. 61, 65 (N.D.Ind.1996) (allowing a rebuttal expert witness to criticize the plaintiff's damages theories and calculations without offering any alternatives); *Deutsch v. Novartis Pharm. Corp.*, 768 F.Supp.2d 420, 481 (E.D.N.Y.2011) (refusing to exclude rebuttal experts who focused on the reliability of plaintiff's expert's conclusions); *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, MDL No. 1721, 2009 WL 1649773, at *1 (D.Kan. June 9, 2009) (admitting rebuttal experts who "primarily critique[d] the methodology and scientific principles which plaintiffs' experts use[d] to arrive at their conclusions" and stating that "[s]uch evidence, which attacks the opposing expert's substantive testimony, is proper rebuttal").

      Here, the burden of proof on damages lies with Movants, and thus, Respondents are not obliged to offer an alternative calculation or methodology on reasonableness in said calculation. Mr. Crivici's report primarily seeks to rebut Movants' calculations by identifying what he opines are flaws and/or missing information. Such opinions are proper for purposes of rebuttal that will assist the factfinder in understanding how the industry would or should address maritime damages. To the extent that Movants disagree with Mr. Crivici's assessments, said disagreement is best addressed in cross-examination. "A party confronted with an adverse expert witness who has sufficient, though perhaps not overwhelming, facts and assumptions as the basis for his opinion can highlight those weaknesses through effective cross-examination." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002). Moreover, Movants do not challenge Mr. Crivici's qualifications and said qualifications reflect that Mr. Crivici has the relevant

professional experience to testify as to industry specific standards relative to Movants' maritime damages.   Finally, Movants' arguments relative to Mr. Crivici's concurrence with other opinions concerning damages has no bearing or impact on his qualifications, relevancy, or admissibility of his testimony.

Accordingly, Movants' Motion to exclude opinions of Claudio N. Crivici will be denied.

ORDER

Following consideration of Ingram, Crounse, United States, Heartland, ARTCO, and ITS's Motion (ECF No. 566), Heartland's Joinder (ECF No. 567), the respective briefs (ECF Nos. 580, 607, and 623), the arguments of counsel, and for the following reasons, the within Motion is denied.

Dated: April 27, 2023

_____
Marilyn J. Horan
United States District Judge